**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAYMOND BOB TROTTER,<br><br>  Plaintiff,<br><br>  v.<br><br>FRESNO COUNTY JAIL AND DOCTOR AW,<br><br>  Defendants. | CASE No. 1:13-cv-00316-DLB (PC)<br><br>FIRST SCREENING ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

**I.   Background**

Plaintiff Naymond Bob Trotter ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff filed his original complaint on March 6, 2013, and is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff is incarcerated at Fresno County Jail ("FCJ") in Fresno, California, where the events giving rise to this action occurred. Plaintiff names FCJ and Dr. Aw as defendants in this action.

Plaintiff alleges the following. On July 11, 2012, Plaintiff was booked into FCJ. After about a week, Plaintiff submitted a medical request slip to get an HIV test. Plaintiff believed he may have contracted HIV due to his sexual interaction with an HIV-positive woman a year earlier. Plaintiff's received a response that he looked fine and that he would have to wait six months to receive a test because the jail has to pay for it. Plaintiff expressed to medical staff that he experienced many of the HIV-symptoms a year prior to arriving at FCJ. Plaintiff told Defendant Aw that he was becoming very weak and unable to do more than fifteen pushups. Plaintiff submitted ten medical request slips, waited six months, and still did not receive the HIV test. As a result, Plaintiff became very weak and is unable to eat.

Plaintiff contends a violation of the Eighth Amendment for deliberate indifference. Plaintiff requests injunctive relief for medical treatment and monetary damages as relief.

## III. Analysis

A. <u>Eighth Amendment—Medical Deliberate Indifference</u>

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation

must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff fails to state an Eighth Amendment claim against any Defendants.  Plaintiff fails to allege sufficient facts which demonstrate that Defendants acted with deliberate indifference to Plaintiff's serious medical needs.  Plaintiff's claims from his complaint indicate that Plaintiff insists on needing an HIV test.  However, a prisoner's conclusory opinion that he needs a specific type of medical treatment is insufficient to meet the deliberate indifference standards.  *See Toguchi*, 391 F.3d at 1058 (a difference of opinion between physician and prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to a serious medical need).  Accordingly, Plaintiff fails to state a claim for deliberate indifference, in violation of the Eighth Amendment.

B.  <u>Municipal Liability</u>

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003*); Gibson v. Cnt.y of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.  *Monell*, 436 U.S. at 694; *Gibson*, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force'

behind the constitutional violation . . . suffered." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. *Gibson*, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." *Id.* Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." *Id.*

Here, Plaintiff fails to state any claims against FCJ. Plaintiff fails to plead any facts related to a deliberate policy, custom, or practice at FCJ that lead to his alleged constitutional violations. Plaintiff also fails to plead any facts that FCJ's omission lead to the alleged constitutional violation by its employee. Accordingly, Plaintiff fails to state any claims against FCJ.

**IV.   Conclusion and Order**

Plaintiff's Complaint fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *King v. Atiyeh*, 814 F.2d

565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 13, 2013**                    /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE