# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYMOND TROTTER,<br><br>            Plaintiff,<br><br>     vs.<br><br>DR. AW,<br><br>            Defendant. | 1:13-cv-00316 DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |

Plaintiff Naymond Trotter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. He filed this action on March 6, 2013. Pursuant to Court order, he filed a First Amended Complaint ("FAC") on December 9, 2013. He names Dr. Aw of the Fresno County Jail as Defendant.

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at Fresno County Jail ("FCJ") in Fresno, California, where the events giving rise to this action occurred.  Plaintiff names Dr. Aw of the FCJ as Defendant in this action.

Plaintiff alleges the following. Shortly after being booked into FCJ, Plaintiff advised medical staff that he was feeling weak and unable to eat, and that he believed he may have contracted HIV due to his sexual interaction with a HIV-positive woman earlier. Plaintiff states he requested that an HIV test be conducted. Plaintiff submitted several medical requests, but he was informed that he would have to wait six months. After six months passed, he was advised that HIV screening was not given in FCJ. As a result, Plaintiff states his health is deteriorating.

Plaintiff contends a violation of the Eighth Amendment for deliberate indifference. Plaintiff requests injunctive relief for medical treatment and monetary damages as relief.

**C.     DISCUSSION**

1.     Eighth Amendment- Medical Indifference

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Id. at 837.

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, like Plaintiff's initial complaint, he fails to state an Eighth Amendment claim against any Defendant.  Plaintiff fails to allege sufficient facts which demonstrate that any Defendant acted with deliberate indifference to Plaintiff's serious medical needs.  As he did in the initial complaint, Plaintiff insists on needing an HIV test.  However, a prisoner's conclusory opinion that he needs a specific type of medical treatment is insufficient to meet the deliberate indifference standards. See Toguchi, 391 F.3d at 1058 (a difference of opinion between physician and prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to a serious medical need).  Accordingly, Plaintiff fails to state a claim for deliberate indifference, in violation of the Eighth Amendment.

**D.     ORDER**

Plaintiff's First Amended Complaint fails to state any cognizable claims against any Defendant.  Plaintiff has been advised of the deficiencies and afforded an opportunity to amend, but he has failed to correct the deficiencies.  Therefore, the Court finds that further amendment is not warranted.

Accordingly, IT IS HEREBY ORDERED that the complaint is DISMISSED WITHOUT LEAVE TO AMEND.  This terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **December 2, 2014**                    /s/ Dennis L. Beck
                                                 UNITED STATES MAGISTRATE JUDGE